UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-23529-CV-SCOLA
MAGISTRATE JUDGE REID

BRODERICK JABBER WILLIAMS,

   Plaintiff,

v.

OFFICER LESLIE BILLY, et al.,

   Defendants.
_____/

## *SUA SPONTE* REPORT DISMISSING COMPLAINT

### I. BACKGROUND

This cause is before court *sua sponte* after it became apparent that the named Plaintiff has not been the party filing pleadings and motions. The initial complaint was filed on August 29, 2018. (DE# 1). It purported to be signed by the named Plaintiff with a notarized signature. (DE# 1, p. 5). Attached to the complaint was an Application to Proceed in District Court without Prepayment of Fees or Costs. (DE# 3). This document was also purportedly signed by the named Plaintiff. (DE# 3, p. 1).

Because the Plaintiff had failed to attach a copy of his six-month jail prisoner account, the motion to proceed *in forma pauperis* was denied and he was ordered to file a proper motion with his six-month account. (DE# 5). On November 20, 2018, a second motion to proceed *in forma pauperis* was filed. (DE# 7). This motion was signed "Broderick Jabbar Williams (POA)." (DE# 7, p. 2). The motion indicated that the Plaintiff was incarcerated, however the return address on the envelope indicated that the motion was not mailed from the location where the Plaintiff was incarcerated. (DE# 7, p. 3). On the same day the motion was received, a notice of change of address was received. (DE# 6). This notice was also purportedly signed by the Plaintiff. The motion to proceed *in forma pauperis* was denied because it was not signed by the Plaintiff. (DE# 9). The Plaintiff was ordered to file a proper motion. (DE# 9).

On December 27, 2018, a pleading entitled "Notice of Default in Dishonor and Acceptance of Commercial Liens and Additional Notice of Fault V. for Damage and Satisfied Liens Affidavit of Notice" was filed with the court. (DE# 10). This document was signed "Broderick J. Williams (POA)." (DE# 10, p. 7). The document was not responsive to the order to file a proper motion to proceed *in forma pauperis*.

On January 11, 2019, the Plaintiff filed a motion for an extension of time to file his motion to proceed *in forma pauperis*. (DE# 12). The motion was purportedly signed by the Plaintiff, however attached to the motion was a document entitled

"Power of Attorney" in which the Plaintiff appointed his mother Dawn Grasty as his "lawful attorney-in-fact." (DE# 12, p. 2-3). Also attached was a document entitled "Temporary Guardianship Agreement" which attempted to give temporary guardianship of two children to Dawn Grasty. (DE# 12, p. 4). This document contains an obvious error in that it identifies one of the children's date of birth as August 8, 2018, but the document was signed on July 31, 2018. The return address on the mailing envelope was Dawn Grasty's address. The purpose of filing this document is unclear.

On February 7, 2019, a Notice of Change of Address was filed with the court. (DE# 14). The notice was signed by Dawn Rene Grasty and asked the court to recognize her as attorney-in-fact for the Plaintiff. Additional pleadings were filed on April 3, 2019. (DE# 16, 17, 18, 19). These included a notice of change of address (DE# 16) was signed by the Plaintiff, indicating that he is no longer incarcerated. Two other documents (DE# 17[1], 18) are signed by both the Plaintiff and Dawn Grasty. The Plaintiff states in both documents that he has granted his mother power of attorney to represent him in these proceedings. The final document (DE# 19) appears to be a petition by Dawn Grasty to have the Plaintiff committed to a mental health hospital until he can be deemed competent and stable. She has attached

---

[1] In this pleading the Plaintiff asks that DE# 10 be filed as a separate case. As discussed above, DE#10 was signed under a purported power of attorney notation "POA."

exhibits in support of this petition indicating that the Plaintiff suffers from various mental illnesses.

### DISCUSSION

It has become evident that the named Plaintiff has not been pursuing this action. It seems that the Plaintiff's mother has been the person pursuing this action under the belief that she may do so pursuant to the "power of attorney." It appears that Dawn Grasty is attempting to proceed as "next friend" of the named Plaintiff. For the reasons set forth in this report the complaint should be dismissed without prejudice.

The Federal Rules of Civil Procedure provide that an incompetent person who does not have a duly appointed representative may sue by a "next friend." Fed. R. Civ. P. 17(c)(2). The individual seeking next friend status has the burden to establish standing to proceed on behalf of the real party and thereby to invoke the jurisdiction of the federal courts. *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990).

In *Whitmore*, the Supreme Court detailed the requirements, stressing that next friend standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore*, 495 U.S. at 163. First, the would-be next friend must prove that the real party in interest cannot pursue his own cause due to some disability such as mental incompetence or lack of access to court. *Id*. at 163-65. Second, the next friend must show some relationship or other evidence that

would suggest that the next friend is truly dedicated to the interests of the real party in interest. *Id*. at 163-64. Ultimately, "the burden is on the 'next friend' clearly to establish the propriety of [her] status, and thereby justify the jurisdiction of the court." *Id*. at 164.

Even if Dawn Grasty could establish that she should be permitted to proceed as "next friend" she is not be permitted to proceed *pro se*. *See Weber v. Garza*, 570 F.2d 511, 513 (5th Cir. 1978)("individuals not licensed to practice law by the state may not use the 'next friend' devise as an artifice for the unauthorized practice of law"). In a similar situation the Eleventh Circuit found that a mother, who was not an attorney, could not act as legal counsel for her minor child. *Fuqua v. Massey*, 615 F. App'x 611 (11th Cir. 2015)(citing *Devine v. Indian River Cnty. Sch Bd.*, 121F.3d 576, 581 (11th Cir. 1997). Since Grasty cannot proceed as the attorney for the named Plaintiff, any pleadings and or motions filed by her are a nullity.

Since this action has been prosecuted by the Plaintiff's mother, rather than by the Plaintiff himself, the complaint should be dismissed without prejudice to Broderick Williams filing a complaint along with either a proper motion to proceed *in forma pauperis*, or the filing fee.

## II. CONCLUSION

Based on the foregoing, this Complaint should be **DISMISSED WITHOUT PREJUDICE.** All outstanding motions (DE# 12, 17, 18) are denied as moot. Finally, it is recommended that this case be **CLOSED**.

**If the Plaintiff wishes to pursue this claim on his own he may so state in objections to this report. Any such objection must be accompanied by a notarized statement to that effect signed by the Plaintiff personally.**

Objections to this report may be filed with the district judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the plaintiff from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

SIGNED this 3rd day of June, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Broderick Jabber Williams, Pro Se
     13374 SW 281 Terrace
     Homestead, FL 33033